Woods, Circuit Judge,
(after stating the facts.) The decision of the circuit court rests upon the proposition that the defendant was merely the agent of the plaintiff; and, if that be conceded, the ruling is, of course, right. It seems to us, however, that, while the contract created an agency, it did more. It constituted the defendant an agent with special obligations beyond the duties which, in the absence of express stipulation, are attributed by law to that relation. It was, of course, competent for the parties to so frame their contract, and, in our opinion, they so framed this one, by whatever name it should be called, that the defendant became an agent in respect to the proposed purchases; but in respect to the subsequent transfer and delivery of the goods to the plaintiff it became obligated substantially as a vendor. An apt illustration is found in the ease of Ireland v. Livingston, L. R. 5 H. L. 395, 406, wherein, in respect to an action by a commission merchant against his principal to recover on a contract for the purchase of sugar, which the defendant had refused to accept because the quantity was less than the amount ordered, Lord Blackburn said:
“My opinion is, for the reasons I have indicated, that when the order was accepted by the plaintiffs there was a contract of agency by which the plaintiffs undertook to use reasonable skill and diligence to procure the goods ordered at or below the limit given, to be followed up by a transfer of the property at the actual cost, with the addition of the commission; but that this superadded sale is not in any way inconsistent with the contract of agency existing between the parties, by virtue of which the plaintiffs were under the obligation to make reasonable exertions to procure the goods ordered as much below the limit as they could.”
And so, under the contract before us, the defendant, though required to purchase in its own name and upon its own credit, became bound to use reasonable diligence to procure the pipe to be purchased at the lowest obtainable price not in excess of the maximum limit; this to be followed by a transfer of the property to the plaintiff at actual cost and commission, which the plaintiff was to pay in “spot cash” to the defendant. And the fact that the agency is declared irrevocable involves no inconsistency. On the contrary, the two phases of the contract are in distinct harmony, and by reason of their connection were doubtless, for all the purposes of the agreement, incapable of revocation or termination by one party without the consent of the other, even though nothing had been expressed to that effect. The stipulation, which in effect binds the defendant as a vendor, is unequivocal and occurs twice in the con *640 tract: first, that “it will secure the delivery;” and, second, that “it will deliver” the pipe “specified in conformity with the specifications, and subject to the conditions and tests more fully set forth” in the exhibit attached to the agreement. This does not mean, and cannot reasonably be construed to mean, that, in respect to the transfer and delivery of the-pipe to the plaintiff, the defendant was an agent merely, and bound to do no more than exercise reasonable diligence to procure of manufacturers comprising the pipe association (of which defendant was itself a member) contracts for the delivery of such pipe as was required. That the parties understood this when settling the terms of their agreement is indicated by the saving clause, twice used, against “strikes and causes beyond control,”—a clause which, when employed in respect to an agency, is superfluous and meaningless, because in no event could a mere agent be responsible for the consequences of a strike, or other cause beyond control.
It is an unwarranted assumption, often repeated or implied in the argument made in support of the ruling below, that by force of the contract the defendant was required to obtain of the manufacturers contracts in the form of the exhibit, and that for the matters complained of the plaintiff’s remedy should, and, as nothing to the contrary is averred, presumably could he sought of the manufacturers upon those contracts, and not of the defendant upon the contract in suit. There is no support for this proposition, except in the fact that an exhibit showing a form of contract with a manufacturer is attached to and made a part of the contract between these parties. But manifestly that was done only for the purpose of defining the specifications, conditions, and tests under which the defendant undertook to make delivery of pipe to the plaintiff. That is the purpose stated, and no other is fairly inferable. In respect to its own purchases, therefore, the defendant was at liberty to buy on credit or for cash, and with or without warranty, express or implied, as it chose. It could buy or bargain for the quantities of pipe necessary to supply the plaintiff, or it could purchase in larger quantities, and for the supply of other customers, being bound to the plaintiff, whatever the contract made with the manufacturer, to produce no evidence of the transaction except the manufacturer’s original invoice, showing the purchase price. And of such contracts it is difficult to see how the plaintiff could take advantage, even if they happened to contain provisions which, if available, would afford relief. Counsel have discussed with exhaustive research and learning the question whether or not, in the contracts of purchase made by the defendant for the purpose of complying with this-contract, there was privity of contract between an original vendor and the-plaintiff, by reason of which either of them might have an action against, the other for any breach to its injury. We do not deem it necessary to-consider that question. If the affirmative of the proposition were conceded, there could be no right of action except for an infraction of the-contract actually made by the agent; and that, as we have seen, might- or might not extend to the subject of complaint. The contract of these-parties, as we view it, instead of leaving the plaintiff to a circuitous and. *641 uncertain quest for relief, affords for the breaches alleged, and upon the theory of either paragraph, a right of action directly against the defendant. The judgment of the circuit court is therefore reversed, and the cause remanded, with instructions to overrule the demurrer to the third and fourth paragraphs of the declaration respectively, and tor further proceedings.